

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**07/08/2013**

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| GRUNDY E. WILEY, | ) CASE NO. 12-38233-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay Regarding Non-Exempt Property" (Docket No. 38) filed by OneWest Bank, FSB, as servicing agent for Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2003-A12, Mortgage Pass-Through Certificates, Series 2003-L under the Pooling and Servicing Agreement dated September 1,2003 ("OneWest").  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Grundy E. Wiley ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 5, 2012.

In Debtor's Schedule A, he lists two parcels of real property. In Debtor's Schedule C, Debtor claimed as exempt one of the parcels of real property. The parcels are not identified by address in the schedules.

In the instant motion, OneWest seeks relief from stay as to real property located at 15826 Ridgerock Dr., Missouri City, Texas. OneWest asserts that the value of the property is $46,120.[1]

OneWest seeks relief from stay for cause, asserting a lack of adequate protection as a result of Debtor's failure to make monthly payments. (Docket No. 38).

Debtor did not personally appear at the evidentiary hearing on the instant motion, and presented no evidence. Debtor's counsel appeared, and argued that the stay should not be lifted because Debtor is seeking a loan modification from the lender.

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

---

[1] Debtor's schedule A reflects a rental property with Debtor's asserted value of $46,120. Debtor scheduled a different property with a value of $278,190, and claimed it as exempt.

>  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

Section 362(g) of the Bankruptcy Code provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

>  (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

>  (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

In the instant case, Debtor presented no evidence, and has made no offer of adequate protection. The court concludes that Debtor has not met the burden of proof under Section 362(g). Accordingly, the court concludes that the stay should be terminated in the instant case.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from the Stay Regarding Non-Exempt Property" (Docket No. 38) filed by OneWest.

Signed at Houston, Texas on July 8, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE